IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CELESTE SOLOMON and<br>DOMINICK SOLOMON<br>127 Cupola Road<br>Honey Brook, PA 19344<br><br>v.<br><br>JOSE RODRIGUEZ VEGA<br>176 Oak Street<br>Wilmington, DE 19808<br>and<br>KENNETH STEPHENSON<br>2686 Route 206<br>Unit C<br>Mt. Holly, NJ 08060<br>and<br>PROGRESSIVE DIRECT INSURANCE<br>COMPANY<br>300 North Commons Boulevard<br>Mayfield Village, OH 44143<br>and<br>ERIE INSURANCE EXCHANGE<br>100 Erie Insurance Place<br>Erie, PA 16530 | CIVIL ACTOIN<br><br>NO.<br><br>JURY TRIAL DEMANDED |

COMPLAINT

I. **NATURE OF THE ACTION**

1. Plaintiffs, Celeste Solomon and Dominick Solomon, seek damages for injuries suffered by Celeste Solomon in a motor vehicle crash which occurred on January 10, 2025.

II. **JURISDICTION AND VENUE**

2. The jurisdiction of this Court is based upon the diversity of citizenship of the parties hereto, 28 U.S.C. § 1332, and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

3. The venue of this action is properly brought in the Eastern District of Pennsylvania pursuant to 28 U.S.C. 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the Plaintiff's claim(s) occurred within the Eastern District of Pennsylvania: a motor vehicle collision.

### III. THE PARTIES

4. Plaintiffs, Celeste Solomon and Dominick Solomon, are adult individuals residing in Chester County, Pennsylvania.

5. Defendant, Jose Rodriguez Vega, is an adult individual residing in Wilmington, Delaware.

6. Defendant, Kenneth Stephenson, is an adult individual residing in Mt. Holly, New Jersey.

7. Defendant, Progressive Direct Insurance Company, is an Ohio corporation and is an insurance company licensed to transact business in the Commonwealth of Pennsylvania.

8. Defendant, Erie Insurance Exchange, is a Pennsylvania corporation and is an insurance company licensed to transact business in the Commonwealth of Pennsylvania

### IV. MATERIAL FACTS

9. On or about January 10, 2025, at approximately 10:43 p.m., plaintiff, Celeste Solomon, was a rear seat passenger in a 2021 Honda Accord owned and being operated by defendant, Jose Rodriguez Vega.

10. At the aforesaid time, date and place, defendant, Jose Rodriguez Vega, was operating his 2021 Honda Accord in a northerly direction on the connecting interchange ramp from I-476 North towards the intersection of State Route 1 South in Marple Township, Delaware County, Pennsylvania.

11. At the aforesaid time, date and place defendant, Kenneth Stephenson, was operating his 2012 Chevrolet Silverado on the off ramp from State Route 1 South to the I-476 interchange.

12. As the vehicles being operated by defendants, Jose Rodriguez Vega and Kenneth Stephenson, approached the same intersection, the vehicles came into violent and forceful contact with each other, causing plaintiff, Celeste Solomon, to suffer serious personal injuries.

13. At the aforesaid time, date and place, defendants, Jose Rodriguez Vega, and/or Kenneth Stephenson, failed to stop for the red electronic traffic signal controlling his direction of travel and entered the intersection at the same time causing the two vehicles to collide and causing plaintiff, Celeste Solomon, to suffer serious personal injuries.

14. The damages set forth herein were directly caused by the negligence of the at-fault drivers, Jose Rodriguez Vega and Kenneth Stephenson, jointly, severally, and/or individually, and were incurred without contributory negligence or assumption of the risk on the part of plaintiff, Celeste Solmon, or an opportunity for plaintiff, Celeste Solmon, a passenger, to avoid the accident.

15. As a result of the negligence of defendants, Jose Rodriguez Vega and Kenneth Stephenson, plaintiff, Celeste Solomon:

    (a) suffered injuries, some of which are or may be permanent, to the head, neck, back, spine, torso, left wrist, left knee, and various parts of the body:

    (b) suffered a left wrist fracture

    (c) suffered multiple rib fractures;

    (d) suffered a laceration of her liver;

    (e) suffered a laceration of her spleen;

    (f) suffered a right pulmonary contusion;

    (g) suffered emotional and psychological harm from watching the death of her friend sitting in the back seat with her;

(h) suffered lacerations and contusions throughout her body;

(i) suffered a severe and possible permanent shock to her nervous system;

(j) was unable to and will in the future be unable to attend to her daily occupation; and

(k) has required and will require hospitalization and/or medical care and treatment and has been required and will be required to incur substantial expenses for such care and treatment.

16. As a result of the negligence of defendants, Jose Rodriguez Vega and Kennett Stepheson, plaintiff, Dominick Solomon, has suffered the loss of the aid, society, comfort and services of his wife, Celeste Solomon, which losses are ongoing and may be permanent.

17. Defendant, Jose Rodriguez Vega, is insured by Progressive Direct Auto Insurance Company, with liability limits of $25,000.00 per person; $50,000.00 per accident.

18. Plaintiff, Celeste Solomon, has made a claim for liability and underinsured motorist benefits payable under the policy issued by Progressive to defendant, Jose Rodriguez Vega.

19. Claims have also been submitted under the Progressive policy issued to Jose Rodriguez Vega by the front seat passenger of the Vega vehicle and by the estate of the other rear seat passenger who died in the collision.

20. Defendant, Jose Rodriguez Vega, an at-fault driver and owner of the at-fault vehicle, does not have adequate insurance to fully compensate plaintiffs for the damages they suffered.

21. Defendant, Kenneth Stephenson, is insured by New Jersey Manufacturers Insurance Company.

22. Plaintiff, Celeste Solomon, has made a liability claim under the New Jersey Manufacturers policy issued to defendant, Kenneth Stephenson.

23. New Jersey Manufacturers Insurance Company has denied liability for this collision on behalf if its insured, Kenneth Stephenson.

24. Defendant, Kenneth Stephenson, an at-fault driver and owner of the at-fault vehicle, does not have adequate insurance to fully compensate plaintiffs for the damages they suffered.

V. **CAUSE OF ACTION – NEGLIGENCE**
   **PLAINTIFFS v. JOSE RODRIGUEZ VEGA**

25. The above paragraphs are incorporated herein by reference as though fully set forth at length.

26. The aforesaid collision was caused by the negligence of defendant, Jose Rodriguez Vega, in that he:

   (a) failed to keep his vehicle under control;

   (b) failed to be able to bring his vehicle to a stop within the assured safe distance ahead of him;

   (c) failed to yield the right of way to traffic traveling from the off ramp from State Route 1 South to the I-476 Interchange;

   (d) failed to maintain a proper lookout for traffic traveling from the off ramp from State Route 1 South to the I-476 Interchange;

   (e) failed to stop for the red electronic traffic signal controlling his direction of travel;

   (f) entered the intersection of the offramp of State Route 1 South and the I-476 North Interchange ramp when it was unsafe to do so;

   (g) failed to make proper observations;

   (h) operated his vehicle carelessly,

   (i) operated his vehicle at a speed too fast for conditions;

   (j) violated the provisions of the Pennsylvania Motor Vehicle Code including, but not limited to, Section 3112(a)(3)(i); Traffic Control Signals, Steady Red Indication.

27. As a result of the negligence of this defendant, plaintiff Celeste Solomon suffered the injuries set forth in more detail in Paragraph 15.

28. As a result of the negligence of this defendant, plaintiff Dominick Solomon suffered the loss of aid, society, comfort and services of his wife, Celeste Solomon, which losses are ongoing and permanent.

WHEREFORE, Plaintiffs Celeste Solomon and Dominick Solomon respectfully request that this Honorable Court enter judgment in favor of the Plaintiffs and against Defendants in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with lawful interest and allowable costs of suit.

## VI. CAUSE OF ACTION – NEGLIGENCE
## PLAINTIFFS v. KENNETH STEPHENSON

29. The above paragraphs are incorporated herein by reference as though fully set forth at length.

30. The aforesaid collision was caused by the negligence of defendant, Kenneth Stephenson, in that he:

    (a)    failed to keep his vehicle under control;

    (b)    failed to be able to bring his vehicle to a stop within the assured safe distance ahead of him;

    (c)    failed to yield the right of way to traffic traveling in a northerly direction on the connecting interchange ramp from I476 North towards the intersection of State Route 1 South;

    (d)    failed to maintain a proper lookout for traveling from the interchange ramp from I-476 North towards the intersection of State Route 1 South;

    (e)    entered the intersection of the I-476 North interchange ramp and State Route 1 South when it was unsafe to do so;

    (f)    failed to make proper observations;

    (g)    operated his vehicle carelessly;

  (h) operated his vehicle at a speed too fast for conditions and in excess of the speed limit; and,

  (i) violated the provisions of the Pennsylvania Motor Vehicle Code including, but not limited to, Section 3112(a)(3)(i); Traffic Control Signals, Steady Red Indication.

31. As a result of the negligence of this defendant, plaintiff Celeste Solomon suffered the injuries set forth in more detail in Paragraph 15.

32. As a result of the negligence of this defendant, plaintiff Dominick Solomon suffered the loss of aid, society, comfort and services of his wife, Celeste Solomon, which losses are ongoing and permanent.

WHEREFORE, Plaintiffs Celeste Solomon and Dominick Solomon respectfully request that this Honorable Court enter judgment in favor of the Plaintiffs and against Defendants in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with lawful interest and allowable costs of suit.

## VII. CAUSE OF ACTION – BREACH OF CONTRACT
## PLAINTIFFS v. PROGRESSIVE DIRECT INSURANCE COMPANY

33. The above paragraphs are incorporated herein by reference as though fully set forth at length.

34. At the time of the aforementioned motor vehicle collision, Plaintiff's decedent was an insured for the purpose of Underinsured Motorist (UIM) coverage via an insurance policy issued by Defendant Progressive to Defendant Vega (Policy No.: 957906000) and which policy was in full force and effect at the time of said collision.

35. By virtue of Decedent's status as an insured under the above-mentioned policy of automobile insurance issued by Defendant Progressive, Plaintiff has confirmed that the total

underinsured motorist benefits available under the above-mentioned policy is Twenty-Five Thousand Dollars ($25,000.00).

36. Defendant Progressive has refused to make a reasonable evaluation of Plaintiff's primary underinsured motorist claim.

37. Defendant Progressive has refused to make a reasonable settlement offer in satisfaction of Plaintiff's primary underinsured motorist claim.

38. Defendant Progressive has refused and continues to refuse to pay its applicable underinsured motorist policy limits of Twenty-Five Thousand Dollars ($25,000.00) to Plaintiff in satisfaction of Plaintiff's primary underinsured motorist claim.

WHEREFORE, Plaintiffs Celeste Solomon and Dominick Solomon respectfully request that this Honorable Court enter judgment in favor of the Plaintiffs and against Defendants in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with lawful interest and allowable costs of suit.

### VIII. CAUSE OF ACTION – BREACH OF CONTRACT
### PLAINTIFFS v. ERIE INSURANCE EXCHANGE

39. The above paragraphs are incorporated herein by reference as though fully set forth at length.

40. At the time of this collision, plaintiffs, Celeste Solomon and Dominick Solmon, were insured under a policy issued by defendant, Erie Insurance Exchange, Policy No. Q01 3013400, which provides for underinsured motorist coverage in the amount of $50,000.00 ($25,000 stacked on two vehicles).

41. Plaintiffs are entitled to underinsured motorist benefits provided by this aforementioned Erie policy.

42. By letter dated March 4, 2025, plaintiffs, Celeste Solomon and Dominick Solomon, placed defendant, Erie, on notice of a potential claim for uninsured or underinsured motorist benefits should the tortfeasor be uninsured or should the tortfeasor's coverage be insufficient to compensate plaintiffs' claims arising out of the January 10, 2025, accident.

43. Plaintiff, Celeste Solomon's medical records reflect that as a result of the negligence of the at-fault underinsured drivers, Celeste Solomon suffered serious personal injuries including a left wrist fracture, multiple rib fractures, lacerations to her liver and spleen, right pulmonary contusion, and left knee injury.

44. The at-fault drivers, Jose Rodriguez Vega and Kenneth Stephenson, do not have adequate insurance to fully compensate plaintiffs for the damages they suffered.

45. In light of the seriousness of the injuries suffered by plaintiff, Celeste Solomon, plaintiffs believe their claim is valued in excess of any coverage defendants, Jose Rodriguez Vega and Kenneth Stephenson, may have applicable to this claim.

46. Plaintiffs have fully complied with the terms of the contract with defendant, Erie Insurance Exchange, and are entitled to be paid by defendant, Erie, underinsured motorist damages in an amount which will fully compensate them for the injuries Celeste Solomon suffered in the January 10, 2025, accident.

47. Defendant, Erie Insurance Exchange, has not made any offers to settle plaintiffs' underinsured motorist claim.

48. Defendant, Erie Insurance Exchange, has breached its contract with plaintiffs, Celeste Solomon and Dominick Solomon, by failing to pay them underinsured motorist coverage in a fair and reasonable amount which will fully compensate them for damages they suffered.

WHEREFORE, Plaintiffs Celeste Solomon and Dominick Solomon respectfully request that this Honorable Court enter judgment in favor of the Plaintiffs and against Defendants in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), together with lawful interest and allowable costs of suit.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Celeste Solomon and Dominick Solomon, ask for judgment in their favor on all counts and request the following relief:

(a) an award of compensatory damages in an amount that exceeds the $75,000 federal diversity jurisdiction threshold set forth in 28 U.S.C. § 1332;

(b) such interest as allowed by law; and

(c) such other relief as the Court deems equitable and just.

GOLDBERG, GOLDBERG & MALONEY

*[signature]*

JOEL W. GOLDBERG, ESQUIRE
BASIL G. JOY, ESQUIRE
*Attorneys for Plaintiffs*

213-215 West Miner Street
West Chester, PA 19382
610-436-6220
jgoldberg@goldbergmaloney.com
Attorney I.D. No. 313982
bjoy@goldbergmaloney.com
Attorney I.D. No. 317274